F I L E D
JUL - 2 2009
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

JOHNNIE NELL JONES, JR.,      )
                               )
      Petitioner,           )
                               )
v.                            )      Civil Action No. 3:08CV683-HEH
                               )
GENE M. JOHNSON,       )
                               )
      Respondent.       )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2254 Petition)

Johnnie Nell Jones, Jr., ("Petitioner"), a Virginia inmate proceeding *pro se*, brings

this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has

moved to dismiss on the grounds that, *inter alia*, the petition is barred by the one-year

statute of limitations governing federal habeas petitions. Petitioner has responded. The

matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On August 26, 1993, Petitioner was convicted in the Circuit Court of the City of

Norfolk ("the Circuit Court") of robbery and use of a firearm during the commission of a

robbery. Petitioner appealed. On September 1, 1994, the Court of Appeals of Virginia

refused Jones's petition for appeal. Jones did not pursue a further direct appeal.

On May 1, 2007, Petitioner filed a Motion to Vacate Void Judgment ("Motion to

Vacate") with the Circuit Court. On June 18, 2007, the Circuit Court denied Petitioner's

Motion to Vacate. Petitioner appealed that decision. On December 14, 2007, the

Supreme Court of Virginia refused Jones's petition for appeal. Jones filed a petition for a writ of certiorari. On March 24, 2008, the Supreme Court of the United States denied Jones's petition for a writ of certiorari.

On October 9, 2008, Petitioner placed his federal petition for writ of habeas corpus in the prison mail system with directions that it be mailed to this Court. For purposes of the present motion, the federal petition will be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II. PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

In his 28 U.S.C. § 2254 petition, Petitioner contends that he is entitled to relief upon the following grounds, restated verbatim, with capitalization corrected:

| | |
|---|---|
| Claim One | The Circuit Court for the City of Norfolk erred by refusing to hear Petitioner's Motion to Vacate Void Judgment on the merits. |
| Claim Two | The Circuit Court for the City of Norfolk erred by refusing to hear on the merits Petitioner's subject-matter jurisdiction claim rendering the judgment void because Petitioner was not arraigned after the indictments on the charges according to law. |
| Claim Three | The Circuit Court of Norfolk erred when it failed to raise on it's [sic] own motion that the two indictments against the Petitioner were not governed by court orders. |

(§ 2254 Pet. 6-9.) Petitioner's first two claims do not provide any basis for federal habeas relief. "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir.

1988) (citing cases). This is so because Petitioner is detained as a result of the underlying state conviction, not the state collateral proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008), *cert. denied*, 129 S. Ct. 162 (2008). Accordingly, Claims One and Two will be dismissed.

### III.  LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Petitioner's petition for a writ of habeas corpus is subject to a one-year statute of limitations. Specifically, the pertinent statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## IV. ANALYSIS

Petitioner's conviction became final, as that term is defined in 28 U.S.C.

§ 2244(d)(1)(A), on October 3, 1994, the last date to pursue a direct appeal to the

Supreme Court of Virginia. *See Clay v. United States*, 537 U.S. 522, 527 (2003); Va.

Sup. Ct. R. 5:14 (Michie 1994). Because Petitioner's convictions became final prior to

the passage of the statute of limitations set forth in 28 U.S.C. § 2244(d), Petitioner had

until April 24, 1997, to file his federal petition for a writ of habeas corpus. *See*

*Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). Petitioner did not file his

federal petition for a writ of habeas corpus by that date; hence it is barred by the statute of

limitations.

Petitioner suggests that he is entitled to equitable tolling of the limitation period

because he is challenging the Circuit Court's jurisdiction. Such a legal argument does not

entitle a petitioner to equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.

2003). The United States Court of Appeals for the Fourth Circuit has emphasized a

petitioner "is *only* entitled to equitable tolling if he presents (1) extraordinary

circumstances, (2) beyond his control or external to his own conduct, (3) that prevented

him from filing on time." *Id.* (emphasis added); *Baines v. Watson*, No. 3:08cv00459,

2009 WL 1209044, at *3 (E.D. Va. May 1, 2009); *see, e.g., Hardeman v. Boone*, No. 94-

7127, 1995 WL 147514, at *2–4 (10th Cir. Mar. 21, 1995) (applying procedural default to

claim that state court lacked jurisdiction under state law); *United States ex rel. Holliday v.*

*Sheriff of Du Page County, Ill.*, 152 F. Supp. 2d 1004, 1011–12 (N.D. Ill. 2001) (same).

Accordingly, Respondent's motion to dismiss (Docket No. 9) will be GRANTED. The

petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

                                         /s/
                                    HENRY E. HUDSON
                                    UNITED STATES DISTRICT JUDGE

Date: July 1, 2009
Richmond, Virginia